IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gus Butler, a/k/a Gus Junior Butler, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Warden, Williamsburg FCI, )<br>)<br>Respondent. )<br>_____ ) | C/A No. 4:20-975-MBS<br><br><br><br>**ORDER AND OPINION** |

Petitioner Gus Butler is an inmate in custody of the Federal Bureau of Prisons who currently is housed at Williamsburg FCI in Salters, South Carolina. On March 9, 2020, Petitioner filed a motion under the 28 U.S.C. § 2255(e) "'savings clause' to vacate." ECF No. 1. The court has construed Petitioner's filing as a petition brought pursuant to 28 U.S.C. § 2241.

I. FACTS AND PROCEDURAL BACKGROUND

Petitioner pleaded guilty in the Southern District of Florida to Count Three of a superseding information that charged him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Petitioner also pleaded guilty to Count Four of the superseding information, which charged Petitioner with possession of a controlled substance, heroin, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). ECF No. 31-2, 1. Petitioner was deemed to be subject to the Armed Career Criminal Act (ACCA) and a career offender under the United States Sentencing Guidelines based on prior convictions for aggravated assault with a deadly weapon, aggravated battery with a deadly weapon, sale of cocaine, and domestic battery by strangulation. On June 1, 2017, Petitioner was sentenced to a term of imprisonment of 180 months, consisting of 180 months as to Count Three and 151 months as to Court Four, to run concurrently.

On appeal, Petitioner contended that his prior convictions for aggravated assault, aggravated

battery, and domestic battery by strangulation did not qualify as predicate offenses under the ACCA. The Court of Appeals for the Eleventh Circuit disagreed, noting that binding precedent established that each violation qualified as a predicate offense under the ACCA. Accordingly, Petitioner's sentence was affirmed. United States v. Butler, 714 F. App'x 980 (11th Cir. 2018).

On September 7, 2018, Petitioner filed a motion pursuant to 28 U.S.C. § 2255. Petitioner first argued that the indictment was duplicitous because it charged separate offenses for each of the different drugs found at the time of his arrest. Petitioner further argued that counsel was ineffective for failing to move to dismiss the indictment, for advising Petitioner to plead guilty to a superseding information, and for advising Petitioner to waive his right to be tried by indictment. Petitioner also argued that the court lacked subject matter, legislative, and territorial jurisdiction over the crimes listed in the indictment because he did not commit a crime against the United States and the federal government had not acquired jurisdiction over the locations where the crimes were committed. Finally, Petitioner asserted that he no longer should be classified as a career offender because his prior convictions no longer qualified as violent felonies under Sessions v. Dimaya, 138 S. Ct. 1204 (2018) (holding that residual clause found in 18 U.S.C. § 16(b) was unconstitutionally vague).

The § 2255 motion was referred to a United States Magistrate Judge for the Southern District of Florida. On October 30, 2018, the Magistrate Judge issued a Report of Magistrate Judge. The Magistrate Judge determined that the charging of a separate offense for each of the drugs was proper. ECF No. 31-8, 8 (citing cases). The Magistrate Judge found that Petitioner's ineffective assistance of counsel claims were grounded on Petitioner's argument that the indictment was defective. The Magistrate Judge, having found that the indictment was not defective, determined that counsel was not ineffective for failing to pursue meritless arguments. Id. at 10-11. The Magistrate Judge rejected

as patently frivolous Petitioner's claim that the court lacked subject matter, legislative, and territorial jurisdiction over the crimes listed in the indictment. Id. at 11-13. Finally, the Magistrate Judge determined that Dimaya was inapplicable and Petitioner's claim arose under Johnson v. United States, 576 U.S. 591 (2015)(holding that the residual clause of the ACCA was unconstitutionally vague). The Magistrate Judge observed that Petitioner had raised this issue on direct appeal, and that the Eleventh Circuit had found each predicate offense to be categorically qualified as a violent offense. For all these reasons, the Magistrate Judge recommended Petitioner's § 2255 motion be summarily dismissed and that no certificate of appealability issue. ECF No. 31-8, 15. A United States District Judge for the Southern District of Florida adopted the Report of Magistrate Judge by order dated November 16, 2018. ECF No. 31-9.

Petitioner filed a second § 2255 motion in the Southern District of Florida. The second § 2255 motion was dismissed because Petitioner failed to obtain authorization from the Eleventh Circuit to file a successive § 2255 motion as required by 28 U.S.C. § 2255(h). See ECF No. 31-10, 31-11.

In the within § 2241 petition, Petitioner argues that his conviction for possession of a firearm by a convicted felon is invalid pursuant to Rehaif v. United States, 139 S. Ct. 2191 (2019). In Rehaif, the Supreme Court held that the government, when prosecuting an offense under §§ 922(g) and 924(a)(2), must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. Petitioner asserts that, if not for the defects within the indictment – that is, that he was not charged with knowing he was barred from possessing a firearm – he would not have pleaded guilty. Petitioner argues that he, like "any reasonable person . . .[who was ] facing a possible life sentence with the plea (thus holding

3

no true benefit to take a plea and give up many rights) would have taken his chance at trial where he too faced life, but would have held onto many other rights post-trial that surely would have helped." ECF No.1, 4.

Petitioner acknowledges that he is barred from pursuing a second or successive § 2255 motion.  Petitioner contends, however, that the court can exercise jurisdiction over his § 2241 petition pursuant to the savings clause of § 2255(e), which provides:

> (e) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
>
> To obtain the benefit of the savings clause, a petitioner must show:
>
> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers for pretrial handling.  Respondent United States of America filed a motion to dismiss or for summary judgment on July 1, 2020, in which it asserted Petitioner meets the savings clause requirements of § 2255(e), but was not prejudiced by the omission of the knowledge-of-status element.  By order issued July 2, 2020, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately.  Petitioner filed a

4

response in opposition to Respondent's motion on July 15, 2020, to which Respondent filed a reply on July 20, 2020. Petitioner filed a sur-reply on August 3, 2020.

The Magistrate Judge issued a Report and Recommendation on August 18, 2020. The Magistrate Judge agreed with Respondent that Petitioner met the first and third prongs of In re Jones. However, the Magistrate Judge determined that Petitioner failed to satisfy the second prong, which requires a finding that Rehaif rendered Petitioner's conduct not criminal. ECF No. 41, 8 (citing cases). According to the Magistrate Judge, the offense of possession of a firearm and ammunition by a felon remains illegal; Rehaif only clarified what the government needed to prove to secure a conviction under 18 U.S.C. § 922(g). The Magistrate Judge also distinguished Rehaif on the ground that Rehaif had been found guilty after a jury trial. The Magistrate Judge noted that Petitioner pleaded guilty to the § 922(g) charge and admitted in his plea agreement and the plea colloquy that the United States would have been able to prove the facts of the offense beyond a reasonable doubt. Accordingly, the Magistrate Judge recommended that the § 2241 petition be dismissed without prejudice for lack of jurisdiction.

The Magistrate Judge further recommended dismissing the case on the merits should the court find jurisdiction exists. The Magistrate Judge cited to United States v. Reed, 941 F.3d 108 (11th Cir. 2019),[1] in which the Eleventh Circuit held that the omission of the knowledge-of-status element from an indictment charging a violation of § 922(g) did not amount to an error that affected the defendant's substantial rights or the fairness, integrity, or public reputation of the defendant's

---

[1] The Magistrate Judge correctly noted that, in evaluating substantive claims under the savings clause, the court is to look to the substantive law of the circuit in which the defendant was convicted. Hahn v. Moseley, 913 F.3d 295, 301 (4th Cir. 2019).

trial. The Magistrate Judge determined that Petitioner cannot show that at the time he possessed the firearm he was unaware that he had been convicted of a crime punishable by imprisonment exceeding one year. Thus, according to the Magistrate Judge, Petitioner could not establish more than harmless error.

Petitioner filed objections to the Report and Recommendation on August 28, 2020. Respondent filed objections to the Report and Recommendation on September 1, 2020. Respondent also filed a reply to Petitioner's objections on September 1, 2020.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id.

## II. DISCUSSION

A.     Petitioner's Objections

Petitioner argues that the Magistrate Judge erred in concluding that his conduct is not criminal under the In re Jones test. Petitioner states that "the Supreme Court in Rehaif clearly and uneq[u]ivocally stated that the conduct under 922(g) becomes criminal when a defendant knows he belong[s] to a category of persons barred from possessing a firearm." ECF No. 43, 2. According to Petitioner, he has not admitted the knowledge-of-status element recognized in Rehaif. Petitioner also argues that, to the extent there is any ambiguity in the interpretation of the second prong of the

In re Jones test, the rule of lenity would resolve the issue in his favor.

Petitioner also disputes the Magistrate Judge's finding that his substantial rights were not affected. Petitioner asserts that an essential element of the offense was omitted from his indictment and at his plea colloquy. Petitioner states that at no point was he advised of the fact that the government had to prove he knew his status as a convicted felon when he possessed the firearm. Petitioner further contends that the Magistrate Judge erred in finding the record establishes Petitioner had been sentenced to a term of imprisonment exceeding one year, such that Petitioner must have known his prohibited status when he possessed a firearm. Petitioner contends that the Magistrate Judge's finding is tantamount to a jury verdict on the subject of his guilt.

Finally, Petitioner objects to the Magistrate Judge's view that Rehaif is distinguishable because it involved a jury trial rather than a guilty plea. Petitioner argues that the principal issue is the same in both a trial or change of plea proceeding, in that there is an omission of an element of the offense that altered the facts and evidence addressed in the proceedings.[2]

B.     Respondent's Objections and Reply

Respondent first argues that the Magistrate Judge erred in finding Petitioner does not meet the savings clause to allow him to proceed under § 2241. Respondent argues that, while the crime to which Petitioner pleaded guilty – violating § 922(g) – is still illegal, the conduct for which Petitioner was convicted no longer is deemed illegal. Respondent states that neither in the plea agreement nor during the plea colloquy did Petitioner admit he knew of his felon status when he possessed the firearm. Respondent contends that, under Rehaif, conduct cannot be deemed criminal

---

[2] Petitioner also seeks, in the alternative, for his case to be transferred to the Eleventh Circuit for disposition. Cases brought pursuant to § 2241 must be heard in the district where the prisoner is incarcerated. see In re Jones, 226 F.3d at 334. Petitioner's request is denied.

with respect to a defendant who previously was convicted of a crime punishable by more than one year in prison and who knowingly possessed a firearm or ammunition in or affecting interstate commerce, but did not know of his status at the time of possession. Respondent argues that Rehaif changed the substantive law regarding what conduct violates § 922(g); Petitioner did not admit to a necessary element of the charge – contemporaneous knowledge of his felony status; and thus the conduct to which Petitioner admitted, and of which he was convicted, is no longer sufficient to be deemed criminal.

Respondent further asserts that the Magistrate Judge erred in finding that Petitioner's guilty plea established the elements of the offense and the material facts necessary to support the conviction. According to Respondent, the Magistrate Judge's reading of relevant case law would mean that a guilty plea conclusively establishes not only the elements of the offense as they were understood at the time of the plea, but also any additional or different elements the Supreme Court later clarifies the offense to include.

Respondent contends, however, that Petitioner's Rehaif claim fails on the merits because Petitioner cannot show that any Rehaif errors had a substantial or injurious effect on the outcome of the case. Respondent states that Petitioner has a prior history of over a dozen substantial convictions and sentences. Respondent opines that it is unlikely Petitioner would not have admitted the knowledge-of-status element at the plea colloquy. Respondent further observes that it is appropriate for a court to consider a defendant's criminal history when analyzing a Rehaif claim. ECF No. 44, 7-8 (citing cases).

C.      The Court's Disposition

In In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019), the Eleventh Circuit, in determining

the significance of Rehaif with respect to a § 2255 motion, held Rehaif did not announce a new rule of constitutional law, but instead clarified that, in prosecuting an individual under §§ 922(g) and 924(a)(2), the government must prove that the defendant knew he violated each of the material elements of § 922(g). The Eleventh Circuit further held that, even if Rehaif had announced a new rule of constitutional law, it was not made retroactive to cases on collateral review by the Supreme Court. Id. However, the Eleventh Circuit has not addressed the precise question raised by this § 2241 petition; that is, whether Rehaif changed the substantive law such that the conduct of which the defendant was convicted is deemed to be not criminal. See In re Jones, 226 F.3d at 333-34.

District courts speaking to the second prong of Jones uniformly have found Rehaif did not change the substantive law because the conduct for which the defendant was convicted remains illegal. See, e.g., Thompson v. Hudgins, Civil Action No. 5:20-CV-78, 2021 WL 856736 (N.D.W. Va. Mar. 8, 2021); Rhodes v. Dobbs, C/A No. 1:20-cv-1725-JFA-SHV, 2021 WL 805503 (D.S.C. Mar. 3, 2021) (citing cases); Farley v. Warden, Civil Action No. 1:20-01387-MGL (D.S.C. Feb. 22, 2021) (finding that "under Eleventh Circuit precedent interpreting Rehaif, proof of a defendant's knowledge of his prohibited status automatically demonstrates 'he knew he belonged to the relevant category of persons barred from possessing a firearm'"); Hoffman v. Breckon, Civil Action No. 7:18-00265, 2020 WL 929589 (W.D. Va. Feb. 26, 2020); Cejas v. Entzel, Civil Action No.: 3:19-CV-18, 2019 WL 6717029 (N.D.W. Va. Dec. 10, 2019). The court will follow her sister districts.

Nevertheless, the court finds compelling Respondent's argument that Petitioner's plea is constitutionally invalid because he did not understand the essential elements of the crime with which he was charged. It further appears Respondent has asserted in the context of a § 2255 motion that, contrary to the view of a number of circuit courts, Rehaif comprises a new substantive rule that is

9

retroactive on collateral review.  See, e.g., United States v. Williams, Cr. No. 3:18-00794-CMC, 2021 WL 1197445 (D.S.C. Mar. 30, 2021).  Because Respondent takes an expansive view of Rehaif's significance, and because Petitioner raises significant questions regarding the voluntary and intelligent nature of his plea, the court will grant a certificate of appealability.

As noted hereinabove, the Magistrate Judge distinguished Rehaif on the grounds that the defendant's jury trial required the government prove he was aware of his status as a convicted felon at the time he possessed the firearm.  The Magistrate Judge found that Petitioner acknowledged the elements for a § 922(g) charge and the facts necessary for conviction were present during his change of plea proceeding.  However, there is no foundation in the record for a finding that Petitioner admitted to his prohibited status.  Moreover, if Petitioner's change of plea was not voluntarily and intelligently made, as urged by Petitioner and Respondent, Petitioner could not waive a challenge to a defect in the indictment regarding the knowledge-of-status element.  See United States v. Jackson, 371 F. Supp. 3d 257 (E.D. Va. 2019) (holding that a guilty plea was invalid when the defendant did not understand true nature of the bribery-related crimes with which he was charged or the essential elements of those offenses, which had been clarified by the Supreme Court subsequent to the guilty plea).  Although the prosecution of a jury trial, where the government must prove each element of an offense, could distinguish the importance of Rehaif from a change of plea proceeding in some circumstances, see, e.g., Capalbo v. Antonelli, C/A No. 1:19-cv-1946-TMC, 2020 WL 3496641, at *4 (D.S.C. June 29, 2020) (noting that the defendant stated "I'm a convicted felon" in a post-arrest statement to police), the court is not willing to distinguish Rehaif under the facts of this case.

### III.  CONCLUSION

The court has thoroughly reviewed the record.  The court concurs in recommendation of the Magistrate Judge that the case be dismissed for lack of subject matter jurisdiction.  Petitioner's § 2241 petition is dismissed without prejudice.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  For the reasons stated, the court concludes that the Petitioner has made the requisite showing, and therefore issues a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

March 31, 2021.